**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| NORTH MISSISSIPPI MEDICAL CENTER, INC., ET AL. | ) ) | Civil Case No.: 1:18-cv-078-SA-DAS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCKESSON CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR EMERGENCY MOTION TO REMAND AND FOR EXPEDITED BRIEFING SCHEDULE

This is a civil lawsuit between Delaware corporations on the Plaintiffs' side and Delaware corporations on the Defendants' side. North Mississippi Medical Center, Inc.; Clay County Medical Corporation; Pontotoc Health Services, Inc.; Webster Health Services, Inc.; Tishomingo Health Services; and Marion Regional Medical Center, Inc. ("Plaintiffs" or collectively "NMMC") submit this Memorandum in Support of their Emergency Motion to Remand. At the outset, it is important to note that Defendant McKesson Corporation ("McKesson") removed this case solely as a litigation tactic as the removal is entirely inconsistent with Fifth Circuit law.

In its disingenuous effort, McKesson attempts to delay proceedings on the merits of NMMC's claims, evade discovery, and temporarily prevent this lawsuit from proceeding to a jury trial in Lee County, Mississippi Circuit Court. McKesson's goal in its baseless removal is to cross its fingers and hope that this Court delays in deciding this Motion. McKesson's strategy is aimed at stripping jurisdiction away from the State court for a time being, as McKesson is calculating that the case will be transferred to the prescription opiate multidistrict litigation pending in the Northern District of Ohio (the "MDL") prior to any ruling on Plaintiffs' Motion. Pursuant to 28 U.S.C §

1447(c), the District Court should remand this case back to State court because it lacks subject matter jurisdiction.

## I.    INTRODUCTION

Plaintiffs allege in the Complaint only state law claims, seek no relief under any federal laws or the U.S. Constitution, and expressly disavow any such federal or constitutional claims. The claims alleged in Plaintiffs' Complaint solely and exclusively arise under the laws of Mississippi and are as follows:

1. Negligence Per Se for violations of the Mississippi Controlled Substances Act, Miss. Code. Ann. § 41-29-127, et seq. and the Mississippi State Board of Pharmacy regulations governing the manufacture and distribution of controlled substances;
2. Negligence and Gross Negligence under Mississippi law;
3. Nuisance under Mississippi law;
4. Unjust Enrichment under Mississippi law;
5. Common Law Fraud under Mississippi law; and
6. Civil Conspiracy under Mississippi law.

The Complaint is entirely devoid of any reference to a specific federal law. In paragraph 124 of the Complaint, Plaintiffs generally reference laws of the United States when referring to the Distributor Defendants' (as defined in the Complaint) past wrongful conduct. The paragraph, in its entirety, consists of only one sentence and reads as follows:

> For years the Distributor Defendants have known of the problems and consequences of opioid diversion in the supply chain, and have committed repeated violations of the laws and regulations of the United States as cited above consequently making them liable under common law.

Compl. ¶ 124. In its proper context, this allegation shows Distributor Defendants' knowledge of opioid diversion in their chain of distribution and the significant role that they have had in igniting and escalating the nationwide opioid epidemic. The fact that many of the Distributor Defendants have been fined for violations of federal law illustrates that the the injuries NMMC alleges in its

Complaint were foreseeable consequences of Distributor Defendants' wrongful conduct.[1] NMMC's State court Complaint alleges acts constituting opioid diversion (and violations of Mississippi law) that occurred in the Mississippi counties that NMMC services.

NMMC does not seek relief or damages under any federal law, and the State court will not be required to apply or interpret federal law in order to determine the parties' rights and duties in this case. There is no diversity of citizenship between the Plaintiffs and Defendants. There is not a single claim pursuant to any federal statute alleged in the Complaint. The Complaint does not even cite or reference the federal Controlled Substance Act ("CSA") and certainly does not allege a private cause of action under the CSA (under which there is none). To the contrary, the Complaint alleges violations of Mississippi's Uniform Controlled Substances Act, Miss Code § 41-29-127 et seq., which requires Defendants to maintain effective controls against diversion of controlled substances. Compl. ¶ 180. McKesson predictably minimizes this allegation and grossly mischaracterizes the Complaint as a federal cause of action alleging violations of the CSA, without any support or citation. The lone, generic reference to the laws of the United States in paragraph 124 of the Complaint does not convert this lawsuit into a federal action and it should, therefore, be remanded back to the Circuit Court of Lee County, Mississippi.

## II. ARGUMENT

Simply stated, this Court must remand this case to Lee County, Mississippi Circuit Court because this District Court lacks subject matter jurisdiction over this matter. Plaintiffs pled no federal question in their Complaint and this case does not arise under federal law. Plaintiffs do

---

[1] For example, in late 2017 McKesson paid a $150 million penalty to the federal government in response to an investigation surrounding its opioid diversion.

not seek relief or damages under federal law, and the State court will not be required to apply or interpret any federal law in order to determine the parties' rights and duties in this case.

### A.  Removal Jurisdiction is Construed Strictly Against Removal.

A defendant may remove to federal district court, and the district court will have jurisdiction over the claims, "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998).  As a general rule, there is no federal jurisdiction when "the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp*., 295 F.3d 485, 490 (5th. Cir. 2002).   "The court must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Moore v. Bis Salamis, Inc.,* 748 F. Supp. 2d 598, 601 (E.D. Tex. 2010) (internal quotations omitted).

Defendants bear the heavy burden of establishing federal jurisdiction over this state court action.  *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921).  In addition, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, *see Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 (1986), which mandates strict construction of the removal statute.  *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107 (1941); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988).

A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.  *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908).  Generally, under 28 U.S.C §1331, a suit arises under federal law if there appears on the face of the complaint some **substantial, disputed question of federal law** (emphasis added).  *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12 (1983).  Accordingly, to support removal, the defendant must locate the basis of federal jurisdiction in those

allegations necessary to support the plaintiff's claim, ignoring its own pleadings and petition for removal. A lawsuit "may arise under federal law where the vindication of a right under state law necessarily turns on some construction of federal law", but "**this statement must be read with caution**." *MSOF Corp.*, 295 F.3d at 490 (emphasis added). A defendant must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 111 (1936). Defendants utterly fail to do so in the present matter because all of the claims in the Complaint solely arise under Mississippi law, none of which contain a federal right as an element.

### B. Plaintiff May Elect to Proceed Only Under State Law Claims.

In addition, the plaintiff is the master of its complaint and is entitled to proceed only on state law claims. *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915) ("the plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23 (1913) ("the party who brings a suit is master to decide what law he will rely upon"); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167 (5th Cir. 1988). A plaintiff with a choice between federal and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Travelers Indemnity Company v. Sarkisian*, 794 F.2d 754, 758 (2d Cir.), *cert. denied*, 479 U.S. 885 (1986). In the instance case, not only did the Plaintiffs rest entirely on state law claims, they specifically disclaimed all federal claims. What could be any more clear?

### C. No Claim Under the CSA is Made, and the CSA does not Provide a Federal Cause of Action.

In filing its Notice of Removal, McKesson represents to this Court that it believes it is facing a lawsuit that presents a federal question. Any reading of the Complaint shows that to be patently incorrect. Contrary to McKesson's distorted characterization of the Complaint, NMMC makes no claim under the CSA or any other federal law or regulation. The CSA is not mentioned in the entire Complaint, and the Complaint makes no reference to any specific federal statute or regulation. More importantly, however, as McKesson knows, there is no private cause of action under the Controlled Substances Act. *Peckens v. Rite Aid of West Virginia, Inc.*, No. 5:11-CV-70, 2011 WL 2938454, at *3 (N.D. W.Va. July 19, 2011) (holding that "the Controlled Substances Act and its accompanying regulations provide neither an express nor an implied private right of action"); *see also McCallister v. Purdue Pharma L.P.*, 164 F. Supp. 2d 783 (S.D. W.Va. 2001) ("The Court agrees with Plaintiffs' representation that a careful review of the Act, 21 U.S.C. §§ 801-971, establishes no Congressional intent to create a private, civil right of action nor to permit removal.). Plaintiffs hereby challenge McKesson to identify and admit a civil, private action available under the CSA.

### D. The Complaint's Reference to Federal Law is Insufficient to Support Removal.

McKesson's entire argument is hinged on the Complaint's single and non-specific reference to federal law. Accepting McKesson's argument would be contrary to the well-settled law of the Fifth Circuit. As the court explained in *MSOF Corp. v. Exxon Corp.*, a reference in a complaint to a defendant's violations of federal law is "not sufficient to render the action one arising under federal law." 295 F.3d at 490. The defendants in *MSOF Corp*. argued, as McKesson argues in this case, that the complaint, although purporting to seek relief under state law, actually sought relief under a federal statute. *Id.* The Fifth Circuit, however, disagreed, ruling that because the federal statute did not entirely preempt

the state law claims in the complaint, federal question jurisdiction was not warranted and thus remanded the case back to state court. *Id.* Here, as in *MSOF Corp.*, Plaintiffs plead no federal cause of action, do not cite a federal statute, and merely reference Defendants' past violations of federal law. Moreover, even though McKesson introduces the CSA in its Notice of Removal, the CSA does not preempt NMMC's state law claims. 21 U.S.C § 903 (providing that the CSA does not preempt state law on "the same subject matter which would otherwise be within the authority of the State.").

*Bass v. American Home Mortg. Servicing, Inc.*, No. 4:11-CV-633, 2012 WL 1142697, (E.D. April 4, 2012) is another similar case. In *Bass*, as here, a reference to federal law in the factual paragraphs of the Complaint gave the Defendant the opportunity to remove what was clearly a state court case with no valid federal question. The District Judge reviewed the applicable Fifth Circuit law and the complaint and determined that none of the claims raised federal issues so as to give jurisdiction to the district court. *Id.* at 2. In fact, the court went on to say:

> Thus, having reviewed the record before it, the Court finds that Defendant has not shown how Plaintiffs' petition raises federal questions by merely referencing two federal statutes. It is ultimately Defendant's burden—as the removing party—to prove that this Court has jurisdiction, and Defendant has not done so here. This is not a case of artful pleading by Plaintiffs, but rather a case of exclusive reliance on state law for relief. Because this Court is required to strictly construe the removal statute in favor of remand, this case shall be remanded.

*Id.* at 3.

NMMC, like the plaintiffs in *Bass* and *MSOF*, exclusively relies on State law claims for relief. The Complaint does not even mention the CSA, and a general reference to Distributor Defendants' past violations of federal law does not transform Plaintiffs well-pleaded State Court Complaint into a federal cause of action. In filing

7

its Notice of Removal, McKesson attempts to use its past reprehensible conduct of violating federal law to its benefit and advantage by seeking immunity from facing a lawsuit in a venue not of its own choosing.  Therefore, the Court should remand this case to the Circuit Court of Lee County, Mississippi.

> **E.  This Case Does Not Present a Federal Issue That Is Necessarily Raised, Actually Disputed, Substantial, and Capable of Resolution in Federal Courts Without Disrupting the Federal-State Balance Approved by Congress.**

Even if the Court finds that the Complaint implicates a federal issue, remand of this case is still required.  A "federal issue" in a state court complaint is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing.*, 545 U.S. 308, 314 (2005).  Consequently, federal jurisdiction over a state-law claim is lacking unless the "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disrupting any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc.*, 545 U.S. at 314.  This type of jurisdiction, "Grable jurisdiction," however, only applies to a "slim category of cases." *State of West Virginia ex rel. Morrisey v. McKesson Corporation*, No. 16-1772, slip op. at 5 (S.D.W. Va. January 24, 2017).

McKesson heavily relies on the removal factors in *Gunn v. Minton*, 568 U.S. 251, 258 (2013) – factors that were originally implemented in *Grable*.  McKesson's reliance on the *Grable/Gunn* factors is utterly misplaced.  Even under *Grable/Gunn*, the instant case does not present a federal question warranting federal jurisdiction.  There is no "substantial" federal law that is in dispute.  Another federal court has already and

recently soundly rejected McKesson's assertion of federal jurisdiction under *Grable/Gunn* in an opioids lawsuit concerning McKesson's failure to "take sufficient steps to monitor, report, and remedy purportedly suspicious shipments of pharmaceuticals" into the State of West Virginia. *State of West Virginia ex rel. Morrisey v. McKesson Corporation*, No. 16-1772, slip op. at 1-2 (S.D.W. Va. January 24, 2017).

In the *State of West Virginia ex rel. Morrisey* case (also a lawsuit brought against McKesson for unlawful opioid diversion), McKesson argued, as it argues here, that the complaint's references to violations of federal laws invoked federal question jurisdiction. *Id.* The court acknowledged that the complaint referenced violations of federal laws nine (9) times and also noted that the complaint disavowed any dependence on federal law. *Id.* The court proceeded to conduct a federal issue analysis under *Grable.* Under the *Grable* analysis, the court found that the state-law claims did not satisfy any of the *Grable* factors and thus held that the complaint did not invoke federal question jurisdiction. *Id.* at 7-9. Specifically, the court found that state-claims did not necessarily raise a federal issue because the federal CSA "imposes no explicit duty to refuse orders" and because federal law and/or regulations are not the only sources of McKesson's anti-diversion duties. *Id.* The court also distinguished West Virginia's case from *Grable*, correctly noting that the plaintiff in *Grable* specifically alleged a federal notice statute "as an essential element of its state law . . . claim." *Id.*

Here, the Complaint only references federal law one time – eight (8) times less than the complaint in the *State of West Virginia ex rel. Morrisey* case where the court ordered remand. Furthermore, as in the *State of West Virginia ex rel. Morrisey*

complaint, NMMC's Complaint alleges violations of numerous state statutes and regulations. For example, paragraphs 179 through 191 allege that Defendants violated the Mississippi Controlled Substances Act, Miss. Code Ann. § 41-29-127, et seq. and Mississippi State Board of Pharmacy regulations governing the distribution of controlled substances. Paragraph 180 states that "Defendants, as registrants, are required to maintain effective controls against diversion of controlled substances into other than legitimate medical, scientific, or industrial channels and comply with applicable state and local law. Miss. Code Ann. § 41-29-127(a)." This state allegation is nearly identical to the state allegation that the court in *State of West Virginia ex rel. Morrisey* emphasized when it determined that the complaint in that case did not necessarily involve a federal issue. A reading and application of these cases makes it abundantly clear that, under the *Gunn/Grable* analysis, this case, like the *State of West Virginia ex rel. Morrisey* case, does not present a federal issue that is substantial. McKesson's arguments are vacuous. Therefore, this case should be remanded back to its proper venue in the Circuit Court of Lee County, Mississippi.

## F. This Court Should Rule on an Expedited Basis

McKesson's notice of removal, albeit meritless, has been filed to deprive NMMC of its right to have its action expeditiously heard before the court of its choosing, since in conjunction with removal of this action, a coordinated Notice of Potential Tag-Along Action was filed before the Judicial Panel on Multidistrict Litigation. *See* Notice of Potential Tag-Along Action, *In re Nat'l Prescription Opiate Litig.*, No. 17-MD-2804 (N.D. Ohio May 3, 2018), ECF No. 1397. This clearly demonstrates that Defendants are abusing the removal process as a means to an illegal end. Given that

the MDL 2804 Court has affirmatively stated that it will not rule on motions to remand, MDL Order (attached as **Exhibit 1**) at 2 – a statement McKesson is well aware of – it is apparent that McKesson and others solely seek to essentially foreclose NMMC's ability to proceed with its proper state court Complaint and doom it to a lesser status in an MDL in which it does not belong. *See In Re: National Prescription Opiate Litigation*, 1:17-md-2804, Dkt. No. 4 (Order dated December 14, 2017). Because failure to decide NMMC's Motion to Remand will have lasting implications if this case is transferred to the MDL, NMMC respectfully and urgently requests that this Court issue an expedited briefing schedule and an expedited ruling on this Motion to Remand so as to prevent transfer of this case prior to a ruling on the merits of this Motion.

### III.    CONCLUSION

One sentence in this Complaint does not alter its fundamental nature or transform it into a federal lawsuit. Defendants cannot fairly classify this state law action as something that it is not. Defendants do not meet the applicable standards to support removal of this action, and the only proper remedy is a remand to the Circuit Court of Lee County, Mississippi as soon as practicable.

**RESPECTFULLY SUBMITTED**, this the 9th day of May, 2018.

NORTH MISSISSIPPI MEDICAL
CENTER, INC., PLAINTIFF

BY: */s/ T. Roe Frazer II*_____
    T. Roe Frazer II (MSB# 5519)
    FRAZER PLC
    1 Burton Hills Blvd., Suite 215
    Nashville, TN  37215
    (615) 647-6464
    roe@frazer.law

OF COUNSEL:

Patrick D. McMurtray (MSB# 2775)
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN  37215
(615) 647-6464
patrick@frazer.law

Armin Moeller (MSB# 3399)
Walter H. Boone (MSB# 8651)
 BALCH & BINGHAM LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
E-mail:  wboone@balch.com

Additional Attorneys for Plaintiffs, to be admitted *pro hac vice*:

J. Nixon Daniel, III
Mary Jane Bass
John R. Zoesch, III
BEGGS & LANE, RLLP
501 Commendencia Street
Pensacola, FL  32502
(850) 432-2451
jnd@beggslane.com
jrz@beggslane.com

Alan T. Rogers (ASB-2577-R79A)
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
Telephone: (205) 251-8100
Facsimile: (205)226-8799
arogers@balch.com

Thomas Roe Frazer III (TN# 33296)
FRAZER PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN  37215
(615) 647-6464
roe@frazer.law

patrick@frazer.law
trey@frazer.law
Frederick T. Kuykendall, III
THE KUYKENDALL GROUP
2013 1st Avenue North, Ste 450
Birmingham, Alabama 35203
(205) 252-6127
ftk@thekuykendallgroup.com

Grant D. Amey
Law Office of Grant D. Amey, LLC
P.O. Box 67
Fairhope, Alabama 36533
(251) 716-0317
grantamey@grantamey.com