UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION                                                                                                   MDL No. 2804


**TRANSFER ORDER**


**Before the Panel**:[*] Plaintiffs in 27 actions and various defendants[1] move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions to MDL No. 2804. Various responding pharmacy, manufacturer and distributor defendants[2] oppose the motions.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the alleged improper marketing and/or distribution of various prescription opiate medications into cities, states and towns across the

---

[*] Judges Lewis A. Kaplan and Ellen Segal Huvelle did not participate in the decision of this matter.

[1] Central District of California Defendant American Pain Society, and Eight Southern District of West Virginia Local Pharmacy Defendants: Beewell Pharmacy, Inc., McCloud Family Pharmacy, Inc., Medical Park Pharmacy LTC, Inc., PASTM, Inc., MRNB, Inc., and Cross Lanes Family Pharmacy, Inc.

[2] Amerisourcebergen Corp., Cardinal Health, Inc., Cardinal Health 5 LLC, Cardinal Health 100 LLC, Cardinal Health 108 LLC, Cardinal Health 110 LLC, Cardinal Health 113 LLC, Cardinal Health 132 LLC, Cardinal Health 200 LLC, Cardinal Health 414 LLC, Cardinal Health 414 LLC, McKesson Corp. (distributor defendants); Allergan PLC f/k/a Actavis PLC, Actavis LLC, Actavis Pharma, Inc., Actavis South Atlantic LLC; Allergan Finance, LLC; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Insys Therapeutics, Inc.; Janssen Pharmaceutica Inc., Janssen Pharmaceuticals, Inc., Johnson & Johnson and Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Mallinkrodt plc, Mallingckrodt LLC, Mallinkrodt Brand Pharmaceuticals, Inc.; Par Pharmaceuticals Inc.; Purdue Pharma L.P., Purdue Pharma, Inc., Purdue Products, L.P. and The Purdue Frederick Company, Inc.; Rhodes Pharmaceuticals L.P.; Speckgx LLC; Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals USA, Inc.; Watson Laboratories, Inc., and Watson Pharmaceuticals, Inc. (manufacturing defendants); Express Scripts Holding Company, Express Scripts, Inc.; Rite Aid of West Virginia, Inc.; West Virginia CVS Pharmacy, LLC.

country. *See In re: National Prescription Opiate Litig.,* 290 F. Supp.3d 1375 (J.P.M.L. 2017). Plaintiffs in the initial motion for centralization were cities, counties and a state that alleged: "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor, detect, investigate, refuse and report suspicious orders of prescription opiates." *Id.* at 1378. We held that "[a]ll actions involve common factual questions about, *inter alia*, the manufacturing and distributor defendants' knowledge of and conduct regarding the alleged diversion of these prescription opiates, as well as the manufacturers' alleged improper marketing of such drugs." *Id.*

Despite some factual variances among the actions, all of them contain a factual core common to the MDL actions: the manufacturing and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of such drugs. The actions therefore fall within the MDL's ambit.

The parties opposing transfer in nineteen actions do so largely based on contentions that federal jurisdiction is lacking over their cases. But arguments concerning the propriety of federal jurisdiction are insufficient to warrant vacating conditional transfer orders covering otherwise factually-related cases.[3]

Several parties oppose transfer based on the inconvenience that inclusion in this large MDL may pose. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Native American Tribes and related entities in twelve actions assert that the Northern District of Ohio lacks personal jurisdiction over their actions. We have transferred cases in this docket brought by Native American tribes that made similar arguments,[4] and plaintiffs have not convinced

---

[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

[4] In April 2015, the Panel transferred an action brought by the St. Croix Chippewa Indians of Wisconsin, noting:

> The Panel has long denied objections to transfer based on the transferee court's purported lack of personal jurisdiction. In *In re: FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976), we held that "[t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue" and that "[f]ollowing a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer." (citing *In re Plumbing Fixture Cases*, 298

(continued...)

-3-

us that we should take a different approach in these circumstances. The transferee judge can accommodate any unique interests that may arise due to the Tribes' status as sovereigns. Indeed, Judge Polster already has approved an organizational structure that includes representation for Native American litigation and included certain Native American Tribes in the bellwether process.

     Plaintiffs in five actions that seek to recoup health insurance and healthcare costs from manufacturers and distributors contend that their claims are unique. The MDL involves claims of hospitals and third party payors that are sufficiently similar to these plaintiffs' claims to justify transfer. Plaintiffs request in their briefs that a separate MDL be established to handle their claims. This approach is unnecessary. The transferee judge can accommodate any unique discovery needs that may arise in these actions.

     Several defendants request that we exclude the claims against them from the MDL. Specifically, Defendant American Pain Society in the Central District of California *Burns* action requests a stay of transfer until its pending dispositive motions are decided. Several local West Virginia pharmacy defendants also argue against transfer (or for exclusion of the claims against them) based, in part, on the likelihood of success of numerous defenses available to West Virginia pharmacists. These requests invite us to make substantive judgments about the merits of these claims, which we historically have declined.[5] Defendants have not persuaded us to depart from this longstanding approach here, and we deny these requests.

---

[4](...continued)
    F.Supp. 483, 495-96 (J.P.M.L.1968)).

MDL No. 2804, Transfer Order, doc. 1134 at 3 (J.P.M.L., April 5, 2018).

[5] See *In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("[T]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.") (citation and quotes omitted).

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
R. David Proctor           Catherine D. Perry

IN RE: NATIONAL PRESCRIPTION OPIATE
LITIGATION                                                                                              MDL No. 2804

## SCHEDULE A

Central District of California

MASOUD BAMDAD, M.D. v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 2:18‒03662
BURNS v. PURDUE PHARMA L.P., ET AL., C.A. No. 8:18‒00745

Northern District of California

ROBINSON RANCHERIA v. MCKESSON CORPORATION, ET AL.,
    C.A. No. 3:18‒02525
HOPLAND BAND OF POMO INDIANS v. MCKESSON CORPORATION, ET AL.,
    C.A. No. 3:18‒02528
SCOTTS VALLEY BAND OF POMO INDIANS v. MCKESSON CORPORATION,
    ET AL., C.A. No. 3:18‒02529
ROUND VALLEY INDIAN TRIBES, ET AL. v. MCKESSON CORPORATION,
    ET AL., C.A. No. 3:18‒02530
REDWOOD VALLEY OR LITTLE RIVER BAND OF POMO INDIANS OF THE
    REDWOOD VALLEY RANCHERIA v. MCKESSON CORPORATION, ET AL.,
    C.A. No. 3:18‒02531
GUIDIVILLE RANCHERIA OF CALIFORNIA v. MCKESSON CORPORATION,
    ET AL., C.A. No. 3:18‒02532
COYOTE VALLEY BAND OF POMO INDIANS v. MCKESSON CORPORATION, ET
    AL., C.A. No. 3:18‒02533
CONSOLIDATED TRIBAL HEALTH PROJECT, INC. v. MCKESSON CORPORATION,
    ET AL., C.A. No. 3:18‒02534
CENTER POINT, INC. v. MCKESSON CORPORATION, ET AL.,
    C.A. No. 3:18‒02535
BIG VALLEY BAND OF POMO INDIANS OF THE BIG VALLEY RANCHERIA v.
    MCKESSON CORPORATION, ET AL., C.A. No. 3:18‒02536
BIG SANDY RANCHERIA OF WESTERN MONO INDIANS v. MCKESSON
    CORPORATION, ET AL., C.A. No. 3:18‒02537
CHU v. PURDUE PHARMA L.P., ET AL., C.A. No. 3:18‒02576

Northern District of Illinois

RIVERS v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒03116

Northern District of Indiana

CITY OF GARY, INDIANA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 2:18‒00117

- A2 -

Western District of Kentucky

COMMONWEALTH OF KENTUCKY v. CARDINAL HEALTH 5, LLC, ET AL., C.A. No. 3:18‒00184

District of Massachusetts

GRACE v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒10857

Northern District of Mississippi

NORTH MISSISSIPPI MEDICAL CENTER, INC., ET AL. v. MCKESSON CORPORATION, C.A. No. 1:18‒00078

District of New Jersey

COUNTY OF HUDSON v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18‒09029
SARDELLA v. PURDUE PHARMA L.P., ET AL., C.A. No. 3:18‒08706

Southern District of New York

KLODZINSKI v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒03927

Eastern District of Pennsylvania

THE CITY OF NEW CASTLE, ET AL. v. PURDUE PHARMA, L.P., ET AL., C.A. No. 2:18‒01472

Southern District of West Virginia

THE COUNTY COMMISSION OF MINGO COUNTY v. PURDUE PHARMA, L.P., ET AL., C.A. No. 2:18‒00476
BURTON, ET AL. v. PURDUE PHARMA, L.P., ET AL., C.A. No. 2:18‒00478

Southern District of West Virginia (continued)

CITY OF HUNTINGTON, WEST VIRGINIA, ET AL. v. EXPRESS SCRIPTS HOLDING COMPANY, ET AL., C.A. No. 2:18‒00580

Western District of Wisconsin

LAC COURTE OREILLES BAND OF LAKE SUPERIOR CHIPPEWA INDIANS v. MCKESSON CORPORATION, ET AL., C.A. No. 3:18‒00286